IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIE M. ANDERSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>HENRY MCMASTER, ATTORNEY )<br>GENERAL FOR SOUTH CAROLINA; )<br>AND WARDEN, EVANS CORRECTIONAL )<br>INSTITUTION, )<br>Respondent. )<br>_____ ) | C/A No. 4:05-2661-GRA-TER<br><br><br>REPORT AND RECOMMENDATION |

Petitioner, Willie Anderson ("Petitioner/Anderson"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 30, 2005. Respondents filed a motion for summary judgment on January 10, 2006, along with a return and supporting memorandum. The undersigned issued an order filed January 12, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a letter on January 19, 2006, which has been deemed as a response.

### I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondents in their memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

undisputed procedural history as set forth by the Respondents.

Petitioner is presently confined in the Evans Correctional Institution of the South Carolina Department of Corrections pursuant to commitment orders from the Clarendon County Clerk of Court. The Clarendon County Grand Jury indicted him at the September 1990 term of court for armed robbery, assault and battery with intent to kill (ABIK), and possession of a weapon during a violent crime (90-GS-14-235). Harold Detwiler, Esquire, represented him on this charge.

On September 27, 1990, Petitioner received a jury trial before the Honorable Anthony Harris. The jury found him guilty as charged and Judge Harris sentenced him to confinement for a period of twenty years for ABIK, twenty years consecutive for armed robbery and five years concurrent for possession of a weapon during a violent crime. Petitioner did not appeal his conviction or sentence.

Petitioner filed an Application for Post-Conviction Relief (PCR) (95-CP-14-03) on November 7, 1994. He alleged the following grounds for relief in his Application:

1. Incompetency, ineffectiveness assistance of counsel.

2. 17-27-20(4) Exclusiveness remedy: rule 33; 59 Alrfed 657, Fed PRC Crim. (Sic).

3. Did not advise the defendant of the right of appeal. (Sic).

The State made its Return and Motion to Dismiss on March 15, 1995. An evidentiary hearing was held in the matter before the Honorable Gary E. Clary on November 8, 1995, at the Sumter County Courthouse. Petitioner was present at the hearing and was represented by John Land, IV, Esquire. The State was represented by Barbara M. Tiffin of the Attorney General's Office.

Judge Clary denied and dismissed the Application in an Order of Dismissal dated November 28, 1995. The Order of Dismissal addressed the merits of the claims of ineffective assistance of counsel for not being told he could appeal the conviction; ineffective assistance of counsel based

upon counsel's failure to adequately investigate the case and failure to present "his boss" as a defense witness; and the "exclusiveness remedy" claim. Petitioner did not appeal from the Order and judgment entered against him.

On October 9, 1996, Petitioner filed a second Application for PCR (96-CP-14-393), alleging the following grounds for relief:

> 1. Ineffective Assistance of Counsel/Sixth Amendment. Counsel did not call all witnesses Mr. Anderson requested at his trial. Attorney failed to do a background investigation into Client's case whereas he would have discovered there were additional witnesses who could have put Client at a different location at the time of the crime.

The State made its Return and Motion to Dismiss on November 27, 1996. Judge Thomas J. Cooper, Jr., denied and dismissed the Application in an Order of Dismissal dated December 3, 1996. Judge Cooper denied and dismissed the Application because it was successive and untimely and ordered that an evidentiary hearing was not necessary because there was no genuine issue of material fact. Petitioner again did not appeal.

On July 1, 2004, Petitioner filed yet another Application for PCR, alleging the following grounds:

> 1. Applicant was deprived of his liberty with Due Process of law as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, and by Article I, Section 3, of the South Carolina Constitution.
>
> 2. After discovered evidence/Illegal Arrest.
>
> 3. Lack of Subject Matter Jurisdiction.

The State filed its Return and Motion to Dismiss on August 2, 2005, in which the State took the position that the Application should be dismissed as successive, untimely and meritless. In their

memorandum, the State asserts that a Conditional Order of Dismissal will be submitted to the PCR court and the case is still pending.

## II. GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim:

> **GROUND ONE:** Ineffective Corrective Process
>
> **SUPPORTING FACTS:** From Arrest, to trial, and the following (15) years of incarceration and appeals, the petitioner has never received any relevant discovery materials; a transcript of jury trial; and no effective assistance of counsel
>
> **GROUND TWO:** Actual Innocence
>
> **SUPPORTING FACTS:** Petitioner raised no alibi defense, of being unable to be at the place of offenses, at time of offenses, to commit the offenses, and presented evidence of time, distance, and location supporting his defense, maintains to this day that he did not commit the crimes he is wrongfully imprisoned for, and the State has never disproved his alibi but evaded their burden to do so.
>
> **GROUND THREE:** Court lacked probably cause to issue a warrant for petitioner's arrest.
>
> **SUPPORTING FACTS:** Inadmissable testimony of Affiant, unreliable testimony, failure to set forth source of Affiant's information.
>
> **GROUND FOUR:** Grand Jury lacked subject matter jurisdiction to indict petitioner.
>
> **SUPPORTING FACTS:** Inadmissable and incompetent testimonial evidence, Ineffective Assistance of Counsel, Prosecutorial

|  |  |
|---|---|
|  | misconduct, insufficient evidence. |
| **GROUND FIVE:** | Ineffective Assistance of Counsel |
| **SUPPORTING FACTS:** | Inadequate pretrial investigation; failure to object to and defend against the prosecution's evasion of defendants alibi defense; failure to object to the prosecution's shifting its burden of proof in regards to defendant's alibi defense; failure to discover and object to inadmissable evidence; failure to challenge the issuence (sic) of a warrant for the arrest of the defendant, upon inadmissable evidence, and unreliable information. |
| **GROUND SIX:** | Unconstitutional punishment. |
| **SUPPORTING FACTS:** | Multiple punishments for same offense; consecutive sentences imposed for offenses which stem for the events of a single act, which has resulted in an excessive lenght (sic) of prison term. |

(Petition).

### III.  SUMMARY JUDGMENT

On January 10, 2006, the Respondents filed a return and memorandum of law in support of their motion for summary judgment. Petitioner filed a response.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services,

5

901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

### IV.  STANDARD OF REVIEW

Since Anderson filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

6

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V. DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondents assert that the Petitioner's claims must be dismissed as untimely.

7

Specifically, Respondents assert that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Respondents argue as follows, quoted verbatim:

> His state court convictions became final ten days after September 27, 1990, the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed"). Thus, his convictions became final before the enactment of the AEDPA. For prisoners, like [Petitioner], whose convictions became final before the AEDPA was enacted, the one-year limitations period began to run on the AEDPA's effective date, and thus, they had until April 24, 1997, absent tolling, to file their federal habeas petitions. *Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir.2000)." *Rouse v. Lee,* 339 F.3d 238, 243 (4 Cir. 2003) (en banc).
>
> Petitioner filed a PCR Application (95-CP-14-03) on November 7, 1994. Proceedings in 95- CP-14-03 became final thirty days after notice that the judgment had been entered because this was the last day on which he could serve a notice of appeal. See Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment"). Both Petitioner and his collateral attorney, John C. Land, IV, Esquire, were served with a copy of the Order by the State on December 4, 1995.
>
> Petitioner filed a second Application for PCR (96-CP-14-393) on October 9, 1996. However, he is not entitled to tolling for the subsequently filed application in 96-CP-14-393, since it was time barred under the statute of limitations for PCR applications. *Pace v. DiGuglielmo*, ___ U.S. ___, 125 S.Ct. 1807 (2005) (petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA, and petitioner was not entitled to equitable tolling of the AEDPA limitations period). Even assuming *arguendo* that this was a "properly filed" application under *Artuz* , *contra Pace v. DiGuglielmo*, *supra*, proceeding on this application concluded thirty days after receipt of written notice of entry of Judge Cooper's

> December 3, 1996, Order of Dismissal, since this was the last day to serve a notice of appeal under Rule 203(b)(1), SCACR. The State served Petitioner with that Order on December 19, 1996. Since that time, there was no tolling by "properly filed" state PCR applications. *See Pace v. DiGuglielmo*, *supra*.
>
> While Petitioner does currently have a 2004 PCR application pending in state court, that application is clearly successive and time barred under § 17-27-45(A). It is thus not "properly filed." *Pace v. DiGuglielmo*, *supra.* His *pro se* Petition for Writ of Habeas Corpus was not filed until September 14, 2005. This was over seven years after the effective date of the AEDPA, even with applicable tolling. (It is also over six years after the 1996 PCR proceedings had concluded, even if the Court tolled § 2244 for the time period that application was pending in state court). Thus, the Petition is barred by the statute of limitations in § 2244(d)(1)(A). *See Harris v. Hutchinson*, *supra*.

(Doc. # 7, p. 6-8).

Petitioner filed a letter addressed to the clerk of court which was filed January 19, 2006. This letter has been deemed a response. (Doc. # 11). However, Petitioner does not address Respondents' argument that his petition should be dismissed as time barred. (Response, Doc. # 16).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

<u>latest</u> of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

Petitioner did not file a notice of direct appeal within ten (10) days from the date he was found guilty as charged and sentenced in 1990. Petitioner filed his first PCR application on November 7, 1994, which was dismissed on November 28, 1995, and Petitioner did not appeal the Order and judgment. On October 9, 1996, Petitioner filed a second PCR application which was dismissed on December 3, 1996, as successive and untimely. Petitioner did not appeal this Order of Dismissal.

Based on the procedural history, Petitioner had until April 24, 1997, absent tolling, to file his

federal habeas corpus petition pursuant to §2244(d)(1)(A).[3] Petitioner did not file his habeas petition until September 13, 2005 (delivery date), which is well outside the limitations period.[4] Therefore, it is recommended that this habeas petition be dismissed as it is barred by the statute of limitations.

Based on the above reasons, the undersigned finds that the Respondents' motion for summary judgment should be granted as the Petitioner's habeas corpus petition is barred by the statute of limitations.

## VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondents' motion for summary judgment (doc. #8) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 23, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] It is noted that Petitioner filed a third PCR on July 1, 2004, which is still pending. The State has filed a Motion to Dismiss arguing the PCR application is successive and untimely. However, the statute of limitations for filing his habeas petition had expired prior to the filing of this third PCR application.

[4] The second PCR Application filed October 9, 1996, and dismissed on December 3, 1996, as successive would not have tolled the limitations period as it was not a "properly filed" PCR application pursuant to 28 U.S.C. § 2244 (d)(2).

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & 
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
